Totten, J.,
delivered the opinion of the Court.
The case is this. On the 27th October, 1846, a judgment in favor of Bennett against Curtis & Hart was satisfied by the sale of certain property taken in execution. A third person, Wm. Sellers, sued the sheriff in trover for the property so taken in execution, claiming it to be his, and not the property of the debtors in the execution, and recovered its value on the 16th January, 1847. And, now, the present proceeding is a scire facias to revive the judgment and have execution thereof, as allowed by the act of 1848, ch. 191.
That act provides that in all cases where executions from any court of record, or justice of the peace, may be returned satisfied, either in w'hole or in part, by the sale of property *296 taken as the property of the defendant therein, and afterwards the value of the property or the property itself, or any part of it, so sold, shall he recovered from the plaintiff in the execution or the officer, by some third person claiming the same, in all such cases the plaintiff in the execution may have his judgment or decree revived by scire facias from the court or justice, rendering the judgment. The court (circuit court of DeKalb) revived the judgment, and awarded execution de novo.
We do not think it was intended by the legislature that this statute should have a retrospective operation. If that were its true construction, it would raise a very reasonable doubt whether it did not infringe upon constitutional prohibition.
Before this statute, the judgment was satisfied, and had become inoperative and extinct; there was an end of that litigation, as, “execution executed is an end of the law.” It was not competent for the officer to say, or the creditor to say, that he had levied and sold the property of. another; he had no authority in his execution for that, and he could not be permitted to falsify his return, the legal and the proper evidence that the judgment was satisfied.
But, as before remarked, we think the true construction of the statute is that it have only a prospective operation upon decrees and judgments made or rendered after it was enacted. There are no retrospective words in the Statute; the words are, where the execution may be returned satisfied.
Let the judgment be reversed.